UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 5:15-cv-01701-CAS (KKx) | Date | October 18, 2016 |
|---|---|---|---|
| Title | LIVE FACE ON WEBB, LLC V. AZ METROWAY, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                             Not Present

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION FOR RECONSIDERATION RE: RULING ON MOTION FOR DEFAULT JUDGMENT (Filed September 23, 2016, Dkt. 32)

The Court finds this motion appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing date of October 24, 2016, is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION & BACKGROUND

On August 24, 2015, plaintiff Live Face on Web, LLC ("LFOW") filed this action against defendants AZ Metroway, Inc. ("AZ") and Jose Murguia ("Murguia") for copyright infringement of plaintiff's copyrighted software code, as set forth in United States Copyright Registration No. TXu001610441. Dkt. 1.

Defendant AZ has not appeared or responded at any point in this action. On October 12, 2015, plaintiff filed an application for the Clerk to enter default against both defendants, and on October 15, 2015, the Clerk entered default against defendants. Also on October 15, 2015, defendant Murguia filed an answer to the complaint. Accordingly, on October 20, 2015, the Court accepted defendant Murguia's answer and ordered the Clerk to set aside the default as to defendant Murguia only. Dkt. 15.

On April 18, 2016, the Court issued an Order to Show Cause why defendant Murguia's answer should not be stricken and Murguia placed into default for (1) failure to participate in the preparation of the Joint Report, (2) failure to appear at a Court-ordered hearing on April 18, 2016, and (3) failure to comply with the Local Rules, the Federal Rules of Civil Procedure, and the orders of this Court. Dkt. 21. On May 23, 2016,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:15-cv-01701-CAS (KKx) | Date | October 18, 2016 |
|---|---|---|---|
| Title | LIVE FACE ON WEBB, LLC V. AZ METROWAY, INC. ET AL. | | |

having received no response from Murguia to the Court's OSC, the Court struck Murguia's answer. Dkt. 22. The Clerk thereafter entered a default judgment against Murguia on May 23, 2016. Dkt. 23.

On May 26, 2016, plaintiff filed a motion for default judgment against defendants seeking actual damages in the amount of $338,567.95 and attorneys' fees and costs in the amount of $11,168.01. Dkt. 24. Plaintiff's actual damages claim was based on the purported monthly cost of a license to use the LFOW software at issue. The Court, having reviewed plaintiff's evidence of actual damages concluded that the actual price defendants would have paid for a license was too speculative to support plaintiff's actual damages calculation. Dkt. 30. The Court ordered a judgment in plaintiff's favor under which AZ Metroway and Murguia would be "jointly and severally liable to plaintiff in the amount of $34,393.30 (comprising statutory damages of $30,000, attorney's fees of $3,396.65, and costs of $996.65)." Dkt. 30.

On September 23, 2016, plaintiff filed a motion for reconsideration of the Court's motion for default judgment. Dkt. 32. Specifically, plaintiff argues that the evidence in the record adequately supports actual damages in the amount of $338,567.95 or, alternatively, that the Court should calculate statutory damages based upon willful infringement.

Having carefully considered plaintiff's arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01701-CAS (KKx) | Date | October 18, 2016 |
| Title | LIVE FACE ON WEBB, LLC V. AZ METROWAY, INC. ET AL. | | |

showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.

### III.   ANALYSIS

Plaintiff does not argue a change in the law, nor does plaintiff present new facts. Accordingly, plaintiff must make a "manifest showing of a failure to consider material facts." L.R. 7-18. Plaintiff argues that it's motion for reconsideration is proper "based on factual findings resulting from a misunderstanding of the licenses at issue." Dkt. 32-1 at 5.

Plaintiff argues that no licensee of its software pays less than $6,900 per month (plaintiff's proposed amount) because plaintiff bundles a number of goods together, including use of the infringed software. However, the Court has already considered plaintiff's example license agreements and the Shcherbakov declaration upon which plaintiff relies. In light of the inconsistencies between the example license agreements submitted by plaintiff, which the Court discussed at length in its default judgment order, Dkt. 30, the Court finds no reason to reconsider its prior order. Plaintiff has failed to present adequate evidence of what defendants would have hypothetically paid plaintiff for a license to use plaintiff's software code alone.

Plaintiff next argues that the Court, taking the allegations as true, should have ordered statutory damages for willful infringement. Plaintiff is correct that 17 U.S.C. § 504(c)(2) permits statutory damages of up to $150,000 for willful copyright infringement. Although the Court did not, in its default judgment order, explicitly address the availability of statutory damages for *willful* infringement, plaintiff's argument is unpersuasive.

Plaintiff argues that the Court must accept the allegations of the complaint as true and that those allegations included allegations that defendant's infringement was willful. Plaintiff is correct that, where a complaint pleads willfulness, courts must accept those allegations as true. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008) ("all factual allegations in the complaint are deemed true, including the allegation of [defendant's] willful infringement"). However, for a defendant to willfully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01701-CAS (KKx) | Date | October 18, 2016 |
| Title | LIVE FACE ON WEBB, LLC V. AZ METROWAY, INC. ET AL. | | |

infringe plaintiff's copyright, it must do so "with knowledge that the defendant's conduct constitutes copyright infringement." Nimmer On Copyright, § 14.04[B][3][a], 14-77 (2015). Plaintiff has not alleged defendants' acted with knowledge that their conduct constituted copyright infringement.

In support of its argument plaintiff directs the Court to two allegations. First, plaintiff alleges:

> Defendants intend for a copy of the infringing version of the LFOW Software to be distributed to website visitors in their advertising, as this is necessary for the video spokesperson to appear on the screen of the website visitor. The volitional distribution of the infringing version of the LFOW Software by Defendants to their website visitors is seamless and transparent for the website visitors, who are able to view the video spokesperson advertising Defendants' products and/or services by virtue of receiving the copy of the infringing version of the Software.

Dkt. 1 ¶ 28. However, taking this allegation as true, it does not establish that defendants acted with knowledge that they were infringing upon plaintiff's copyright. Next, plaintiff alleges, "[w]here Defendants initiated or continued the infringing conduct with knowledge of the infringement, these actions were the result of reckless disregard for, or willful blindness to LFOW's rights, and therefore constitute willful infringement." Dkt. 1 ¶ 50. However, the gravamen of this second allegation is that *if* defendants knew they were infringing and continued to do so, *then* their actions became willful. Plaintiff has not alleged that defendants ever had knowledge that their actions infringed upon plaintiff's copyright. Accordingly, plaintiff has not pleaded willful infringement.

Plaintiff has failed to present make a "manifest showing of a failure to consider material facts." L.R. 7-18. Accordingly, the Court declines to reconsider its previous ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 5:15-cv-01701-CAS (KKx) | Date | October 18, 2016 |
|---|---|---|---|
| Title | LIVE FACE ON WEBB, LLC V. AZ METROWAY, INC. ET AL. | | |

## IV. CONCLUSION

Plaintiff's motion for reconsideration of the Court's default judgment is **DENIED**.
IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |